# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00213-CV

**In re Adam Scott Perkins**

### ORIGINAL PROCEEDING FROM BELL COUNTY

### M E M O R A N D U M   O P I N I O N

Adam Scott Perkins filed a document entitled Appellant's Advisory to the Court and Request for Intervention in his appeal from a trial court order in the Texas Attorney General's suit to establish a parent-child relationship and suit affecting the parent-child relationship. Alleging discrepancies between the documents filed in the clerk's record and the documents he received while incarcerated, Perkins on March 12, 2012, requested from the Texas Department of Criminal Justice's Mail Systems Coordinating Panel and TDCJ's Access to Courts director a log of documents sent by the Attorney General to Perkins in prison. When he had not received the logs by March 18, 2012, Perkins filed this advisory and request asking this Court to order TDCJ's Mail Systems Coordinating Panel to disclose to him the log of his incoming legal mail. Because Perkins requests that we order action by a person not a party to or part of the judiciary that ruled on the suit regarding the parent-child relationship, we conclude that his advisory and request is not properly part of that appeal.[1] It

---

[1] To the extent it is a motion in the original appeal, *In re B.P.*, 03-12-00090-CV, we have denied it.

is instead more of an attempt to file an original petition for writ of mandamus, and we will treat it as such.

Our power to issue a writ of mandamus is described in relevant part as follows:

(a) Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.

(b) Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a:

(1) judge of a district or county court in the court of appeals district; or

(2) judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district.

Tex. Gov't Code Ann. § 22.221 (West 2004). Perkins's requested relief is outside the scope of this statute and, thus, is beyond our power to issue a writ of mandamus.

We deny Perkins's requested relief to the extent that it is a petition for writ of mandamus.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed: April 11, 2012

2